IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YOLANDA RUSSELL,

                Plaintiff,

v.

VICTORIA SARZEN,

                Defendant.

OPINION and ORDER

22-cv-531-wmc

---

    Defendant Victoria Sarzen moves to transfer venue to the Eastern District of Wisconsin. (Dkt. #11.) Sarzen contends that the Eastern District is the only appropriate venue and that, even if venue in this district is appropriate, venue should be transferred to the Eastern District for the convenience of the parties and witnesses. Because venue is appropriate here and the Eastern District is not clearly the more convenient forum, the court will deny this motion.

BACKGROUND[1]

    Defendant Sarzen, who works for the Kenosha County Finance Department, notified the Wisconsin Department of Revenue that Russell owed the Kenosha County Courthouse $1,109.57 in attorney fees. After receiving notice of the debt from the Department of Revenue, Russell then called Sarzen, who allegedly admitted that Russell did *not* owe the debt but refused to correct his error. Sarzen claims that Russell refused to

---

[1] For purposes of deciding the transfer motion, the court draws these facts from the allegations in Russell's complaint.

help because she is African American and disabled. Based on these allegations, the court allowed Russell to proceed on racial discrimination, disability discrimination and defamation claims.

ANALYSIS

I.      Venue is appropriate in this District

Under 28 U.S.C. § 1391(b), a plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1)–(2). "When ruling on a motion to dismiss for improper venue, the district court is not obligated to limit its consideration to the pleadings or to convert the motion to one for summary judgment if the parties submit evidence outside the pleadings." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir. 2011) (alteration adopted).

Sarzen contends that venue is appropriate only in the Eastern District because "the underlying facts pleaded by the plaintiff are alleged to have occurred in Kenosha, Wisconsin." (Dkt. #12, at 2.) Sarzen is mistaken. Russell alleges that the notice of debt from the Department of Revenue, which is headquartered in Madison, Wisconsin, was sent to Russell's residence in Madison. Plus, Russell alleges that she called Sarzen from her residence. Thus, Russell's allegations show that "a substantial portion of the activities giving rise to the action occurred in [Madison]," making venue in this district appropriate. *See Est. of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006); *see also Westgate*

*Prod., LLC v. Edwards*, No. 19-C-247, 2019 WL 2411454, at *5 (E.D. Wis. June 7, 2019) ("The substantial parts test of § 1391(b)(2) may be satisfied by a communication transmitted or not transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." (alteration adopted)). Therefore, Sarzan's first argument fails.

II.     **The Eastern District is not clearly the more convenient forum**

A federal district court may transfer an action to another district where venue is appropriate for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). However, "courts [generally] defer to [the] plaintiff's choice of venue and do not disturb it unless the balance is strongly in favor of transfer." *Innovaport, LLC v. Target Corp.*, No. 22-cv-425-wmc, 2023 WL 4185949, at *1 (W.D. Wis. June 26, 2023); *see also The Sportsman Channel, Inc. v. The Small Grp., Inc.*, No. 08-cv-65, 2008 WL 2909811, at *5 (E.D. Wis. July 25, 2008) ("Generally, a plaintiff['s] choice of forum is given substantial weight and deference, particularly if it is the plaintiffs home forum."). The movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

Russell lives in Madison and contends that traveling to the Eastern District would be "impossible" for her because she is medically disabled, morbidly obese, and does not drive. (Dkt. #15 at 1.) Even if exaggerated, Sarzen has not identified circumstances

3

showing that the Eastern District is more convenient in any manner, so this motion fails under § 1404(a) as well.

ORDER

IT IS ORDERED that:

1. Defendant's motion to transfer (dkt. #11) is DENIED.
2. The clerk of court is directed to send plaintiff a copy of this order.

Entered July 21st, 2023.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge